**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-21-0000365**
**20-NOV-2024**
**08:18 AM**
**Dkt. 76 SO**

NO. CAAP-21-0000365

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


RICK BLANGIARDI, MAYOR, CITY AND COUNTY OF HONOLULU;
SHELDON K. HAO, FIRE CHIEF, HONOLULU FIRE DEPARTMENT,
CITY AND COUNTY OF HONOLULU; HONOLULU FIRE DEPARTMENT,
CITY AND COUNTY OF HONOLULU; and CITY AND COUNTY OF HONOLULU,
Respondents-Appellants-Appellants,
v.
HAWAII FIRE FIGHTERS ASSOCIATION, IAFF, LOCAL 1463, AFL-CIO,
Complainant-Appellee-Appellee,
and
HAWAII LABOR RELATIONS BOARD; MARCUS R. OSHIRO;
SESNITA A.D. MOEPONO; and J N. MUSTO,
Agency-Appellees-Appellees

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 1CCV-20-0001454)


SUMMARY DISPOSITION ORDER
(By: Leonard, Acting C.J., and Wadsworth and McCullen, JJ.)

Respondents-Appellants Rick Blangiardi, Mayor, City and

County of Honolulu;[1] Sheldon K. Hao, Fire Chief, Honolulu Fire

Department, City and County of Honolulu;[2] Honolulu Fire

Department, City and County of Honolulu (**HFD**); and City and

County of Honolulu (collectively, the **City**), appeal from the

---

[1]     Pursuant to Hawai'i Rules of Appellate Procedure (**HRAP**) Rule 43(c)(1), Mayor Blangiardi is automatically substituted for former Mayor Kirk Caldwell.

[2]     Pursuant to HRAP Rule 43(c)(1), Fire Chief Sheldon K. Hao, is automatically substituted for former Fire Chief Manuel P. Neves.

May 11, 2021 Decision and Order Affirming the [Hawaii Labor Relation Board (**HLRB** or the **Board**)] Order No. 3658 Dated September 23, 2020 (**Order Affirming Order No. 3658**), entered by the Circuit Court of the First Circuit (**Circuit Court**),[3] in favor of Complainant-Appellee Hawaii Fire Fighters Association, IAFF, Local 1463, AFL-CIO (**HFFA**).

HFFA is an employee organization within the meaning of Hawaii Revised Statutes (**HRS**) § 89-2 (2012) and duly certified as the exclusive bargaining representative of all fire fighters in bargaining unit 11 (**BU 11**), effective February 4, 1972. Section 6 of the BU 11 Collective Bargaining Agreement, effective July 1, 2011, to June 20, 2017 (**Agreement**), provides in relevant part:

> Section 6.  INFORMATIONAL AND EDUCATIONAL [(**I&E**)] MEETINGS.
>
> [I&E meetings] may be held by the [HFFA] once every calendar quarter, to be conducted by its duly recognized officers and/or stewards and shall be open to all Employees in [BU 11], including members and non-members of the [HFFA]. The [HFD] or its representatives shall permit its Employees to attend such meetings held during working hours and such meeting shall be limited to not more than two (2) hours. The [HFFA] shall give written notice to the [HFD] or its representative at least five (5) calendar days prior to the date of the meetings.  Such meetings shall be allowed at dates, times and places which do not interfere with the normal operations of the respective Fire Departments.  These meetings may include multiple sessions in order to accommodate Employees in the bargaining unit.

Section 6 meetings are vital to the function of the HFFA as the exclusive bargaining representative, and in the satisfaction of its statutory duty of fair representation pursuant to HRS § 89-8(a) (2012).  Section 6 I&E meetings have been contained in the BU 11 Agreements since 1976, and the meetings have remained substantially unchanged since that time, up to and including the then current BU 11 Agreement.

---

[3]     The Honorable James H. Ashford presided.

Historically, Section 6 I&E meetings have occurred in Fire Stations on an as requested basis with the expressed prior approval of Station Commanders/Captains and/or Battalion Chiefs, with notice to the appropriate Chief in accordance with Section 6 of the Agreement.

On May 29, 2014, the HFFA, in accordance with Section 6 of the Agreement, informed HFD Fire Chief Manuel Neves (**Chief Neves**) of its intent to conduct I&E meetings at HFD worksites between June 16, 2014, and June 15, 2015. By June 13, 2014, a dispute arose between the HFD and HFFA that culminated in a June 17, 2014 blanket prohibition by HFD against all HFFA station visitations. On June 18, 2014, pursuant to the HFD's blanket prohibition, two HFFA Oahu Executive Board members were asked to leave a previously scheduled Section I&E meeting. On June 20, 2014, Chief Neves attempted to unilaterally establish a process for the conduct of contractual I&E meetings by HFFA with its members.

On August 27, 2014, HFFA filed with the Board the prohibited practice complaint for Case No. 14-CE-11-845 (**2014 Case**), challenging the removal of HFFA Executive Board members from a pre-arranged and approved Section 6 I&E meeting, and Chief Neves's unilateral establishment of the process for the conduct of contractual I&E meetings. The 2014 Case was scheduled for hearing in December 2015, but was suspended for settlement discussions. The parties had not resolved all issues included in the 2014 Case by 2016.

On August 16, 2016, Chief Neves informed HFFA in writing of his unilateral implementation of a prohibition of all

-3-

station visits, including Section 6 I&E meetings, until after 5:00 PM. Subsequently, Chief Neves allowed station visits to occur prior to 5:00 PM for non-bargaining unit agencies, but continued to prohibit BU 11 Section 6 I&E meetings until after 5:00 PM. As of August 16, 2016, it appears there had been no prior incidents of Section 6 I&E meetings interfering with the normal operations of the HFD. On November 14, 2016, HFFA filed with the Board the prohibited practice complaint for (Case No. 16-CE-11-887 (**2016 Case**), challenging the unilateral prohibition against HFFA Section 6 I&E meetings prior to 5:00 PM.

On November 30, 2016, the Board entered Order No. 3212 Order Consolidating Cases and Notice of Consolidated Hearing Dates and Deadlines (**Order No. 3212**), granting the HFFA's motion to consolidate the 2014 and 2016 Cases. The Board found that the two cases involved the same parties and substantially the same issues, and that "consolidation of the two cases will be conducive to the proper dispatch of the Board's business, to the ends of justice, and will not unduly delay the proceedings nor prejudice the presentation of either case."

The Board held the consolidated proceeding hearing in December 2016. On June 8, 2018, the Board entered Order No. 3368 Final Order Adopting HFFA/IAFF Proposed Findings of Fact, Conclusions of Law, and Decision and Order (**Order No. 3368**). The Board concluded, *inter alia*, that:

> [The City's] implementation of changes to Section 6 [I&E] meetings or the imposition of a requirement that [I&E] meetings only be held after 5:00 p.m. was a matter requiring [the HFD] to meet at reasonable times, to confer and negotiate in good faith, with HFFA pursuant to Section 89-9(a), HRS.

-4-

> [The City's] unilateral action changing or imposing the requirement that [I&E] meetings only be held after 5:00 p.m. constitutes an unlawful refusal to bargain.
>
> [The City's] unilateral action changing or imposing the requirement that [I&E] meetings only be held after 5:00 p.m. deprived, and interfered with BU 11 employees, and their certified employee organization to [engage] in rights guaranteed under chapter 89, HRS.
>
> . . . .
>
> Accordingly, the Board holds and concludes that HFD's refusal to negotiate with the HFFA and acting unilaterally regarding the requirement that [I&E] meetings be held after 5:00 p.m., which is a mandatory subject of bargaining, constitutes a violation of HRS § 89-13(a)(1).
>
> . . . .
>
> The Board further concludes that based on the circumstances of this case showing that HFD permitted other visitors, including VOYA, access to the fire station with or without prior notice and before 5:00 p.m., the requirement that [I&E] meetings only be held after 5:00 p.m. was selectively and discriminatorily applied to HFFA further constituting a violation of HRS § 89-l3(a)(1).
>
> . . . .
>
> The Board further finds that the HFD's unilateral, selective, and discriminatory denial of HFFA's access to the fire station before 5:00 p.m., constitutes a stifling of the employee's free choice in violation of HRS § 89-l3(a)(2).
>
> . . . .
>
> Based on the totality of circumstances in this case, the Board finds the actions of [the City] set forth herein, through their representatives, to be wilfull.
>
> The Board further finds and concludes that the actions complained of herein do not constitute a prohibited practice under HRS Section 89-13(a)(5), (7), or (8), because as already determined in Order No. 3293, with respect to the breach of collective bargaining agreement allegations (Section 89-13(a)(8)), the HFFA was required to exhaust contractual remedies before bringing the claim before the Board; and the Board finds the remaining assertions (Sections 89-13(a)(5) and (a)(7)) redundant and superfluous to the Section 89-13(a)(1), (2) and (8) claims.
>
> The Board denies all other claims and allegations brought by the HFFA in this consolidated proceeding.

In footnote 11 of Order No. 3368, the Board stated, "In issuing Board Order No. 3212 in the consolidated cases . . . the Board finds in both cases the HFFA/IFFA was the prevailing party." The Board stated that it would address HFFA's request for attorneys' fees and costs in a separate order.

The City appealed Order No. 3368 to the Circuit Court on July 9, 2018. Oral argument for the appeal was heard on June 14, 2019. During oral argument regarding the prevailing party issue, the Circuit Court stated in relevant part:

> However, as I continued to look through the order, I see absolutely nothing in the conclusions of law that has any tendency to establish that the City prevailed in any way in the 2014 case.
>
> Yet the conclusions of law are replete with conclusions that make perfectly clear that the board found the union to be the prevailing party in the 2016 case concerning the 5 o'clock letter.
>
> Furthermore, the conclusions of law state, quote, The board denies all other claims and allegations brought by the HFFA in this consolidated proceeding, end quote, which tends to indicate that all claims involving either the 2014 case or the 2016 case which are not specifically resolved in Order No. 3368 are denied.
>
> So in essence I see a lack of clarity. I do find that Order No. 3368 is unclear on this topic. From the language in the order, I cannot tell if, Possibility A, the board ruled globally that the City violated Hawaii Revised Statutes 89-13(a)(1) and (2) based on an amalgamation of facts and allegations from both cases or, Possibility No. 2, in my view from the language of the order, is that instead the board ruled separately that first the City violated (a)(1) and (a)(2), 89-13(a)(1) and (2), and in the 2014 case based on facts pertaining only to the 2014 case, and then separately ruled in the 2016 case based on facts pertaining only to the 2016 case.
>
> . . . .
>
> Therefore, cutting to the chase, on this topic at least, the footnote on page 5 of Order No. 3368 is vacated. Case is remanded for the board to make a clear and unambiguous statement whether the union prevailed on just the 2016 case or on both the 2016 case and the 2014 case. That takes care of the first issue presented in my view.

On August 12, 2019, the Circuit Court issued the Order Affirming in Part, Vacating in Part, and Remanding Order No. 3368 (**Order Remanding Order No. 3368**), vacating footnote 11 of Order No. 3368, and affirming Order No. 3368 in all other respects. The Circuit Court remanded the case to the Board to "make a clear and unambiguous determination as to whether [HFFA] prevailed" in the consolidated cases.

On September 23, 2020, the Board issued Order No. 3658 Order Clarifying Board Order No. 3368 on Remand (**Order No. 3658**). The Board inserted the Conclusion of Law below, following the final paragraph of page 12 of Order No. 3368:

> The consolidation of the cases allows the Board to consider the relevant facts and circumstances of the two cases together.  The Board hereby finds that HFFA/IAFF is the prevailing party of the consolidated cases and that HFFA/IAFF's position as the prevailing party relies on the amalgamate of circumstances of the two cases, rather than on the circumstances of either case individually.

The City appealed Order No. 3658 to the Circuit Court. The Circuit Court affirmed.  On the issue of whether the Board complied with the Order Remanding Order No. 3368, the Circuit Court stated:

> On the first issue, the Court determines that Order No. 3658 is unambiguous.  Board Order No. 3658 states that the Board determined that HFFA prevailed in the consolidated case, which the Board treated as an amalgamation of the 2014 and 2016 cases.  The Board in Order No. 3658 clarified that it treated those two cases under what the Court in the oral argument held June 14, 2019 . . . described as possibility A.  The Board clearly stated that it treated the 2014 and 2016 cases as merged.
>
> Board Order No. 3658 does set out a conclusion of law. The Board states the new language being added to Order No. 3368 is a conclusion of law and characterizes it as such. The Board inserted the new language into the conclusion of law section of Order No. 3368.  The Court concludes the new language in Order No. 3658 being added to Order No. 3368 is in reality a conclusion of law.

On the issue of whether the merger of the consolidated cases was erroneous, the Circuit Court concluded:

> On the second issue, the Court does not agree that the Board's merger of the 2014 and 2016 cases was an error of law.  Appellants argue Rule 42 of the Hawaiʻi Rules of Civil Procedures [(**HRCP**)] is  controlling . . . . This argument is misplaced.
>
> . . . .
>
> Rule 42 of the HRCP does not apply to consolidation in an agency proceeding.  The [HRCP] apply to the circuit courts in civil matters.  The Board in its Order No. 3212 consolidating the 2014 and 2016 cases ruled that it was consolidating the cases pursuant [to] Rule 12-42-8(g), and its various subparts of the Hawaiʻi Administrative Rules

[(**HAR**)]. The Board was not applying Rule 42(a), HRCP, or Hawaiʻi jurisprudence because the Board has its own rules.

The Board has discretion to determine the scope of its consolidation order and it did so in this case. . . .

The City timely appealed.

The City raises two points of error on appeal, contending that the Circuit Court committed reversible error in concluding that the HLRB was correct in holding that: (1) HFFA was the prevailing party in the 2014 Case for the purpose of attorneys' fees and costs, and (2) HFFA was the prevailing party in the consolidated 2014 Case and the 2016 Case based on an amalgamation of circumstances and effectively merging the consolidated cases.

Upon careful review of the record and the briefs submitted by the parties, and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve the City's points of error as follows:

Because the question of whether the HLRB erred in determining that HFFA was the prevailing party in the 2014 Case depends on whether the 2014 and 2016 Cases may be considered as merged, we consider the City's second point of error first.

The City argues that the Circuit Court and the Board erred in determining HFFA was the prevailing party in the consolidated cases based on an amalgamation of circumstances and the effective merger of the consolidated cases. The City contends that the Board failed to follow the Circuit Court's Order Remanding Order No. 3368 by failing to unambiguously determine whether HFFA was the prevailing party in the 2014 Case.

HRS § 89-5(i)(4) (Supp. 2023) gives the Board the power to "[c]onduct proceedings on complaints of prohibited practices

-8-

by employers, employees, and employee organizations and take such actions with respect thereto as it deems necessary and proper." HAR Title 12, Chapter 42 sets forth the Board's Rules of Practice and Procedure under HRS Chapter 89.[4] HAR § 12-42-1. The Board in Order No. 3212 consolidated the 2014 and 2016 Cases pursuant to HAR § 12-42-8(g)(13).[5]

HAR § 12-42-8(g)(13) provided the Board the authority to consolidate proceedings "for hearings <u>or other purposes</u>" if it finds that such consolidation was "conducive to the proper dispatch of its business." (Emphasis added.) Regarding the meaning of the term "consolidation," the parties have argued about Professors Wright and Miller's explanation:

> In the context of legal procedure, "consolidation" is used in three different senses:
>
> (1) When all except one of several actions are stayed until one is tried, in which case the judgment in the one trial is conclusive as to the others. This is not actually a consolidation but sometimes is referred to as such.
>
> (2) <u>When several actions are combined into one, lose their separate identity, and become a single action in which a single judgment is rendered.</u> An illustration of this is the situation in which several actions are pending between the same parties stating claims that might have been set out originally as separate counts in one complaint.
>
> (3) When several actions are ordered to be tried together but each retains its separate character and requires the entry of a separate judgment. This type of consolidation does not merge the suits into a single action, or cause the parties to one action to be parties to another.

---

[4] HAR Title 12 Chapter 42 has since been repealed. Dep't Lab. & Indus. Rel., Repeal of Chapters 12-41 and 12-42 and Adoption of Chapter 12-43, HAR (eff. Oct. 21, 2022).

[5] HAR § 12-42-8(g)(13) provides:

> (13) The board, on its own initiative or upon motion, may consolidate for hearing or other purposes or may contemporaneously consider two or more proceedings which involve substantially the same parties or issues if it finds that such consolidation of proceedings or contemporaneous consideration will be conducive to the proper dispatch of its business and to the ends of justice and will not unduly delay the proceedings.

9A CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 2382 (3d ed. 2024).  The Hawaiʻi Supreme Court has stated that "our courts have apparently followed the interpretation adopted by the federal courts" that HRCP Rule 42[6] consolidation "provide[s] only for the third of these procedures."  Cnty. of Haw. v. C & J Coupe Family Ltd. P'ship, 119 Hawaiʻi 352, 371, 198 P.3d 615, 634 (2008).

The City points to the supreme court's interpretation of HRCP Rule 42 to assert that the Board cannot adopt Wright and Miller's second interpretation to "merge" the constituent 2014 and 2016 Cases under HAR § 12-42-8(g) consolidation.  However, as this court has previously stated:

> Court rules and related case law . . . do not govern agency proceedings, except through the proper adoption of a rule or amendment authorized by law.  See HRS §§ 91-3 & 91-9.  Reliance on case law interpreting court rules, as opposed to the statutes, administrative rules, and cases directly applicable to an agency's proceedings may in some instances lead to an improper procedure or an erroneous conclusion.

Los Banos v. Haw. Labor Relations Bd., No. CAAP-17-0000476, 2019 WL 6248555, at *15 (Haw. App. Nov. 22, 2019) (Mem. Op.).  The Board's application of HAR § 12-42-8(g)(13) is not governed by case law interpreting HRCP Rule 42.  See id.

Furthermore, the Board's rules provided for a liberal construction to effect the purpose of HRS Chapter 89 and to

---

[6]     HRCP Rule 42 is identical to its counterpart Federal Rules of Civil Procedure Rule 42, with both providing in relevant part:

**Rule 42.  CONSOLIDATION; SEPARATE TRIALS**

**(a)  Consolidation.**  When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.

secure the just and speedy determination of every proceeding. HAR § 12-42-2. The Board's rules did not limit the scope of the Board's authority to consolidate proceedings. HAR § 12-42-8. Accordingly, we cannot say that the Board lacked the authority to merge cases under HAR § 12-42-8(g)(13) consolidation if it found that doing so "will be conducive to the proper dispatch of its business and to the ends of justice and will not unduly delay the proceedings."

Here, in consolidating the 2014 and 2016 Cases, the Board expressly found that the cases involved the same parties and substantially the same issues, so that merging the cases was "conducive to the proper dispatch of the Board's business, to the ends of justice, and will not unduly delay the proceedings nor prejudice the presentation of either case." The Board later added that this amalgamation of circumstances and cases warranted a finding that HFFA was the prevailing party for the cases, as consolidated, rather than for either case individually. We conclude that the Board did not exceed its authority in determining the prevailing party of the consolidated cases based on the amalgamation of circumstances, *i.e.*, based on the Board's decision to effectively merge the 2014 and 2016 Cases. Additionally, the Board in issuing Order No. 3658 did not fail to follow the Order Remanding Order No. 3368 because the Circuit Court directed the Board to clarify its treatment of the consolidated cases, and the Board clearly stated that it treated the cases as merged.

Therefore, the Circuit Court did not err in affirming the Board's consideration of the consolidated cases as merged.

In this light, we consider the City's argument that the Circuit Court erred in affirming the Board's conclusion that HFFA was the prevailing party with respect to attorneys' fees incurred in connection with the 2014 Case. The City contends that the Board must make an individual prevailing party determination for each case. The City points to the HLRB's dismissal of the specific claims raised in the 2014 Case. However, as discussed above, the Board permissibly merged the cases based on the commonality of the issues, as well as the parties, in the cases.

HRS §§ 89-14 (2012)[7] and 377-9 (2015)[8] give the Board jurisdiction and the authority to award attorneys' fees in prohibited practice proceedings under certain circumstances. Regarding the determination of the prevailing party:

---

[7] HRS § 89-14 provides:

> **§ 89-14 Prevention of prohibited practices.** Any controversy concerning prohibited practices may be submitted to the board in the same manner and with the same effect as provided in section 377-9; provided that the board shall have exclusive original jurisdiction over such a controversy except that nothing herein shall preclude (1) the institution of appropriate proceedings in circuit court pursuant to section [89-12(c)] or (2) the judicial review of decisions or orders of the board in prohibited practice controversies in accordance with section 377-9 and chapter 91. All references in section 377-9 to "labor organization" shall include employee organization.

[8] HRS § 377-9(d) provides in relevant part:

> **§ 377-9 Prevention of unfair labor practices**. . . .
>
> . . . .
>
> (d) . . . Final orders may dismiss the complaint or require the person complained of to cease and desist from the unfair labor practices found to have been committed, suspend the person's rights, immunities, privileges, or remedies granted or afforded by this chapter for not more than one year, and require the person to take affirmative action, including reinstatement of employees and make orders in favor of employees making them whole, including back pay with interest, costs, and attorneys' fees.

> A party need not sustain [their] entire claim in order to be a prevailing party for purposes of entitlement to costs and attorneys' fees. . . . [W]here a party prevails on the disputed main issue in a case, even though not to the extent of [their] original contention, [they] will be deemed to be the successful party for the purpose of taxing costs and attorney's fees. The court is required to first identify the principal issues raised by the pleadings and proof in a particular case, and then determine, on balance, which party prevailed on the issues.

Fought & Co., Inc. v. Steel Eng'g & Erection, Inc., 87 Hawaiʻi 37, 52–53, 951 P.2d 487, 502–03 (1998) (cleaned up); accord Kaleikini v. Yoshioka, 129 Hawaiʻi 454, 461, 304 P.3d 252, 259 (2013).

Here, the disputed main issue in the consolidated cases was whether the City committed a prohibited practice violation under HRS § 89-13 (2012)[9] by interfering with the HFFA's Section 6 I&E meetings. The Board concluded that the City violated HRS §§ 89-13(a)(1) and (a)(2), but denied the HFFA's HRS §§ 89-13(a)(5), (7), or (8) claims as well as "all other claims and allegations brought by the HFFA in this consolidated proceeding."

---

[9] HRS § 89-13 provides in relevant part:

> **§ 89-13. Prohibited practices; evidence of bad faith.**
> (a) It shall be a prohibited practice for a public employer or its designated representative wilfully to:
>
> (1) Interfere, restrain, or coerce any employee in the exercise of any right guaranteed under this chapter;
>
> (2) Dominate, interfere, or assist in the formation, existence, or administration of any employee organization[.]
>
> . . . .
>
> (5) Refuse to bargain collectively in good faith with the exclusive representative as required in section 89-9;
>
> . . . .
>
> (7) Refuse or fail to comply with any provision of this chapter;
>
> (8) Violate the terms of a collective bargaining agreement[.]

Although the HFFA did not prevail on all arguments for relief, the Board did not clearly err in determining that HFFA prevailed on the main disputed issue that the City's unilateral interference with the Section 6 I&E meetings was a prohibited practice. See Kaleikini, 129 Hawaiʻi at 461, 304 P.3d at 259 (holding that plaintiff failing to prevail on several counts did not change the outcome that they prevailed on the disputed main issue). Therefore, the Circuit Court did not err in concluding that the Board did not clearly err in finding and concluding that HFFA was the prevailing party in the consolidated 2014 and 2016 Cases.

For these reasons, the Circuit Court's May 11, 2021 Order Affirming Order No. 3658 is affirmed.

DATED:  Honolulu, Hawaiʻi, November 20, 2024.


On the briefs:

Ernest H. Nomura and
Justin M. Luney,
Deputies Corporation Counsel,
for Respondents-Appellants-
Appellants.

Herbert R. Takahashi and
Rebecca L. Covert
(Takahashi and Covert)
for Complainant-Appellee-
Appellee.

/s/ Katherine G. Leonard
Acting Chief Judge


/s/ Clyde J. Wadsworth
Associate Judge


/s/ Sonja M.P. McCullen
Associate Judge